■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HOFFEY, Also Known as SONNIE MATALIA, Appellant. [745 NYS2d 257] —Crew III, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered January 9, 2001, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree and illegal possession of a vehicle identification number.

In July 1999, defendant was indicted and charged with the crimes of criminal possession of a forged instrument in the second degree and illegal possession of a vehicle identification number. Following a jury trial, defendant was convicted as charged and sentenced as a second felony offender to concurrent terms of imprisonment of 2 to 4 years on the first count of the indictment and 1½ to 3 years on the second count. Defendant now appeals.

Initially, defendant contends that he was improperly convicted of criminal possession of a forged registration sticker inasmuch as there was no evidence as to who, if anyone, stole the sticker, how defendant came into possession thereof and whether the sticker had been forged prior to defendant receiving it. Under these circumstances, defendant asserts, the only way by which his knowledge of the forgery could be established was by means of presumption of such fact from his possession of the sticker, a proposition rejected by the Legislature as well as the Court of Appeals (*see, e.g., People v Johnson*, 65 NY2d 556, 560-561). We disagree. The record evidence here reflects

that the temporary registration sticker was prepared in two different handwritings with two distinct writing implements, and the vehicle identification number was missing several digits. That evidence alone would permit the inference that the instrument indeed was forged. Such evidence, coupled with defendant's flight, provided the jury a sufficient evidentiary basis upon which to find defendant's knowledge of the forged character of the instrument. We have considered defendant's remaining contention and find it equally without merit.

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.